UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. CLYDE, | No. 2:14-cv-00531 DAD P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA NINTH CIRCUIT COURT,[1] | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has previously consented to magistrate judge jurisdiction over this action for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). (See ECF No. 4.)

---

[1] In his first amended petition petitioner's indicated that he was being held in the Placer County Jail. (See ECF No. 6 at 1.) A search of the online Placer County Inmate Information website does not reflect that anyone named "Timothy Clyde" is currently incarcerated in Placer County. Petitioner subsequently filed a notice of change of address with this court, which represented that he is currently incarcerated at Deuel Vocational Institute in Tracy, California ("DVI"). (See ECF No. 8.) Plaintiff's current status as a DVI inmate is corroborated by a search of the California Department of Corrections and Rehabilitation online inmate locator website. Because it appears that petitioner is currently incarcerated at DVI, his present custodian is J. Price, that facility's Warden. Accordingly, Mr. Price will be ordered substituted in place of "California Ninth Circuit Court" as the respondent in this matter. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

Petitioner has filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 7.) As petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request to proceed in forma pauperis will be granted.

At the time petitioner filed his first amended petition with this court, he was incarcerated at the Placer County Jail. Therein, petitioner set forth two grounds for habeas relief:

> I have been denied my right to a speedy trial. I have never waived any time in this case. My public defender declared [a doubt regarding my competency to stand trial pursuant to California Penal Code §] 1368 at which time criminal proceedings were suspended with only 8 days to go until trial. Two months later I was found competent and the judge resumed criminal proceedings and said that my 60 day time frame starts over. I did the research and found that the law states that when criminal proceedings are resumed, they resume at exactly the point at which they were suspended. People v. Rothrock (1936) 8 Cal. 2d 21, 63; People v. Powell (1986) 180 Cal. App. 3d 469.
>
> Also I was denied bail. My parole hold was dropped and I was continued to be held on no bail due to a court order saying that my parole hold was not dropped and that the court didn't have the paperwork to show it. But my parole officer told me that my parole hold was dropped and that he gave the court a copy of the paperwork proving it. Then months later[,] after asking time and time again to address bail[,] the court amended my terrorist threat charge to an attempted murder [charge] and said I had no bail because of that. I was denied bail for months because of a false parole hold by [the] courts.

(ECF No. 6 at 4-5.)

It may be that petitioner can seek federal habeas relief on the grounds that the prosecutor and the state court allegedly violated his Sixth Amendment right to a speedy trial, Barker v. Wingo, 407 U.S. 514 (1972), and that the state court allegedly violated his Fourteenth Amendment due process right to have the "state's bail system administered without caprice or discrimination," Kelly v. Springett, 527 F.2d 1090, 1093 (9th Cir. 1975).

However, the exhaustion of one's claims by presenting them first to the state high court is a prerequisite to the granting of federal habeas relief. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

According to petitioner's own allegations it appears that when this federal habeas petition was first filed, the state court criminal proceedings against him were still "pending." (ECF No. 1 at 9.)  In light of the institution where petitioner is currently incarcerated it appears that the state court criminal proceeding brought against him has concluded.  Nonetheless, from the face of the pending petition it is clear that petitioner has failed to exhaust his claims for relief in state court by first presenting them to the California Supreme Court.  Further, petitioner does not allege in his pending petition that state court remedies are no longer available to him.  Accordingly, the federal habeas petition will be dismissed without prejudice.[3]

Good cause appearing, IT IS HEREBY ORDERED that:

1. J. Price is substituted as respondent in this matter.

2. Petitioner's application to proceed in forma pauperis (ECF No. 7) is granted.

3. Petitioner's application for federal habeas relief is dismissed without prejudice due to his failure to first exhaust his claims by presenting them to the California Supreme Court.

Dated:  October 9, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
clyd0531.103

---

[3]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

3